united States Distaict
Court of Rhode Island

42 U.S.C 1983
Civil Rights
Act

Alvin Huggins
vs
A.T. Wall etal

CA 08 129
CA.no

MOTION FOR THE Appointment of Counsel

Plaintiff Alvin Huggins, Pursuant to § 1915 Request This Court appoint Counsel to Represent Him In This Case For the Following Reasons:

1) Plaintiff is unable to afford Counsel

2) The Issues Involved In this case are Complex

3) The Plaintiff, as a Segregation Inmate, Has Extremely Limited acess to law library

4) The Plaintiff Has a limited Knowledge of the law

Alvin Huggins Vs A.T. Wall etal

The plaintiff is serving a sentence In punitive segregation. For this Reason He Has limited acess to legal materials and Has no Ability to Investigate the Facts of the case, For Example By locating Interviewing the other Inmates who were eyewitnesses to His Beating

As set Forth in the Memoranda of Law Submitted with this motion, These Facts, Along with the legal merit of the Plaintiff's claims Support the Appointment of Counsel to Represent the plaintiff

Wherefore, The plaintiff's motion For the appointment of counsel should be Granted.

x Alvin Huggins

Sworn Before me this
8 Day of April 2008

Notary Republic
Kathleen A Lyons
4-13-2010

United States District
Court of RHode Island

42 U.S.C 1983
Civil Rights
Act

Alvin Huggins

VS

CA no. ______

Atwall Etal

Memorandum of Law in Support of the Plaintiffs Motion For the Appointment of Counsel:

The complaint alleges that the Plaintiff was Assaulted By Several Correctional officers, Recieving numerous Injuries Including a Split left Eye Plaintiff was never Taking to Hospital after numerous orders to do so By Departments Head Doctor. The plaintiff was convicted at a disciplinary Hearing of Assualting Staff. The Hearing officer Refused Plaintiffs Request To call as witnesses Inmates and Staff Members who were present During the Incident He convicted Plaintiff of Charges Despite the complete lack of evidence. The officer wrote a Disposition of Charges that said only "Guilty as Charged Based on officer Report" with no Futher Explanation. The Defendent warden denied the Plaintiffs Disciplinary Appeal

Argument

The Court should appoint Counsel For the Plaintiff

In deciding whether to appoint counsel for a Indigent litigat the court should consider. The Factual complexity of the case, The ability of the Idigent to Investigate the Facts, The Existence

Alvin Huggin Vs. A.T. Wall

of Conflicting Testimony. The Ability of the Idigent to present His claims and the complexity of the legal Issues Abdullah vs Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted) Cert denied 112 S.Ct 1995 (1992) In addition, Courts Have Suggested That the most important Factor is whether the Case Appears To Have merit Cooper vs A Sargenti Co, Inc 877 F.2d 170, 175 (2d Cir. 1989) Each other Factors weighs In Favor of Appointing Counsel in This Case

Factual complexity. The plaintiff Alleges that Several Correctional officers physically abused Him while others Stood By and watched. He also Asserts that certain that Some Supervisors were on notice of the violent propensities of Some of the officers and did nothing About It. He Challenges the Denial of Medical Care After the incident By two others Defendant, Finally, He claims Denial of Due Process By a disciplinary Hearing officer and a warden. The sheer number of Claims and Defendents Makes this a Factually complex case.

In addition, one of the Defendents Claims is the Denial of Medical Attention, It will Probably be necessary to present a medical expert witness or to Cross examine witnesses Called By the Defendents, or Both, the Presence of medical or other Issues Requiring expert testimony Supports the Appointment of counsel Moore vs mabus, 976 F.2d 268 272 (5th Cir. 1992) Jackson vs County of McLean 953 F.2d 1070, 1073 (7th Cir. 1992) Tucker vs Randall 948 F.2d 388, 392 (7th Cir 1991)

Alvin Huggins vs. A.T. Wall et al

The plaintiff is lock up in punitive segregation and has no ability to investigate facts, for example he is unable to indentify, locate and interview the inmates who were housed in nearby cells or who saw some or all of the misuse of force. He is in the same situation as a inmate who has been transfered to a different institution a factor that several court have cited in appointment of counsel Tucker vs. Randall, 948 F.2d 388 391-92 (7th Cir 1991); Gadson vs Coughlin 679 F. Supp 270, 273 (W.D.N.Y 1988) Armstrong vs Snyder 103 F.R.D 96, 105 (E.D. Wis 1984) In addition this case will require considerable discovery concerning the identity of witnesses. The officers reports and statements about the incident. The history of the officer with prior records of misuse of force and the plaintiffs medical history see Tucker vs Dickey 613 F. Supp 1124 1133-34 (W.D. Wis. 1985) (need for discovery supported appointment of counsel

Conflicting Testimony. The plaintiffs account of his beating by officers is squarely in conflict with the statements of the officers. The aspect of this case will be a credibility contest between the defendant and plaintiff (and such inmate witnesses as can be located) The existence of these credibility issues support the appointment of counsel Gadson vs Coughlin 679 F. Supp 270, 273 (W.D.N.Y 1988)

The plaintiff is an indigent prisoner with no legal training a factor that supports the appointment of counsel Wiseman v Yuam 739 F.2d 160 163 (4th Cir 1984) In addition he is confined to

Alvin Huggins vs. A.T. Wall Etal

Segregation with very limited access to legal materials. Rayes v. Johnson 969 F.2d 700, 703-04 (8th Cir. 1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel)

The large number of defendants some of whom are supervisory official present complex legal issues of determining which defendant was sufficiently personally involved in the constitutional violations to be held liable. In addition Plaintiff has asked for a jury trial which requires much greater legal skills than Plaintiff has or can develope. See Abdullah vs Gutner, 949 F.2d 1032, 1036 (8th Cir. 1991) (citing jury demand as a factor supporting appointment of counsel), cert. denied, 112 S.Ct 1995 (1992)

The Plaintiff's allegations if proved, clearly would establish a consititution violation. The unprovoked and injurious beating alledged in the complaint clearly states an Eight Amendment violation see Hudson vs McMillian 503 U.S 1, 112 S.Ct 995 (1992) The allegations of denial of medical care amounts to intentionally interfering with the treatment once prescribed which the Supreme Court has specifically cited as an example of unconstitutional deliberate indifference to prisoners medical needs Estelle vs. Gamble 429 U.S 97, 105, 97 S.Ct 285 (1976) The unjustified denial of witnesses, convicted of a disciplinary offense with no supporting evidence and the failure to give a meaningful of reason presents a plain violation of due process Ponte v Real 471 U.S 491, 497, 105 S.Ct 2192 (1985) Superintendent v Hill 472 U.S 445, 457 105 S.Ct 2768 (1985) Dyson v. Kocik 689 F.2d 466, 467-68 (3d. Cir 1983) On its face this is a meritorcrious case.

Alvin Huggins vs. A.T. Wall Etal

Conclusion

For the Followin Reasons, The courts should Grant the Plaintiffs Motion and Appoint counsel in this case

X

FILED
2008 APR 11 A 9:31
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND